HOBSON, Acting Chief Judge.
This case poses the question of whether the pleadings filed in a cause seeking to enforce a hold harmless agreement were sufficient to warrant entry of summary judgment for the plaintiff/appellee. The lower court found they were adequate to show the non-existence of any material fact. We reverse.
Appellant Mariner entered into a construction contract with Bullard and Walling, a general contractor. American States, appellee herein, provided a payment and performance bond as surety on the project. Problems arose and all three parties entered into a settlement agreement on November 3, 1975. Paragraph two of that agreement provided in part,
“Mariner agrees to hold Contractor and Surety harmless from any and all suits, actions, claims and causes of action which may be brought by an assigned subcontractor against Contractor and/or Surety as a result of work done on the Mariner project.”
Later, an addendum to the settlement agreement was entered into by the parties for clarification of several provisions, the first of which was the sixth sentence of paragraph two, quoted above. With respect to that provision in the original agreement the addendum read,
“1. That the sixth sentence in paragraph 2 of the Settlement Agreement shall mean the following:
(a) That Mariner shall hold Contractor and Surety harmless for any and all suits, actions, claims and causes of action which may be brought by an assigned subcontractor after the date of November 3, 1975, and for the amount of the retainage paid in escrow by the Contractor and Surety for said assigned subcontractor.
(b) That Mariner shall not hold Contractor and Surety harmless for any *1339 suits, actions, claims and causes of action which have accrued prior to November 3, 1975, and for which claim is not covered by the amount paid into escrow for said assigned subcontractor.”
Subsequently Ronald Slaughter, d/b/a Largo Plumbing Company, brought an action against American States on the payment and performance bond alleging inter alia its contract with the general contractor, full performance under the contract, and rights to retainages withheld but not paid. American States then filed a third-party complaint against Mariner alleging in substance that the latter was responsible for Largo Plumbing’s claim against American States. In paragraph four of that third-party complaint American States asserted in part, “Plaintiff [Largo Plumbing] in this cause is an assigned subcontractor as referred to in Exhibit ‘A’ attached hereto and the action sued upon accrued after November 3, 1975.” Exhibit “A” was a copy of the settlement agreement and addendum entered into between Mariner, American States, and Bullard and Walling. Other exhibits were also attached.
Shortly thereafter Mariner answered the third-party complaint, including one affirmative defense relating to the claim of Largo Plumbing. As to paragraph four, Mariner responded, “4. Paragraph 4 is denied.” American States then moved for summary judgment, which motion was granted as to the issue of liability.
Mariner in this interlocutory appeal posits, as it did in argument on the motion for summary judgment, that paragraph four of American States’ complaint was nothing more than a general allegation setting forth particular facts to comply with the settlement agreement as amended. Specifically, Mariner asserts it was incumbent on American States to show conclusively that Largo Plumbing was an assigned contractor and that the action sued upon accrued after November 3,1975. In support of that position Mariner points out that no affidavits, admissions, interrogatories or depositions were filed in support of the allegations in paragraph four.
In response to that assertion American States maintains that the settlement documents, complaint, and attached exhibits resolved any doubts concerning these issues, thereby leaving no material issues in dispute. American States also claims that the allegations of paragraph four spell out fully the only conditions precedent to its recovery and therefore by merely denying those allegations it was then Mariner’s duty to show the existence of a material fact.
The settlement agreement and pertinent portions of the amendment to that agreement clearly require, as a prerequisite to Mariner’s duty to hold harmless American States from liability, that the latter be subjected to some claim by an assigned subcontractor, which claim must have accrued after November, 3, 1975. Despite any contentions to the contrary, certain exhibits attached to American States’ complaint effectively show that Largo Plumbing was an assigned contractor on the project. In fact, Mariner admits as much in its reply brief filed in this cause.
We have thoroughly reviewed the record herein and conclude that a material issue of fact remains as to whether Largo Plumbing’s claim accrued before or after November 3,1975. True, paragraph four of American States’ complaint did allege that the action accrued after the specified date. However, this allegation was denied in Mariner’s answer.
Appellant’s contention that the allegations of paragraph four constituted the pleading of the performance of conditions precedent under Fla.R.Civ.P. 1.120(c) which required the denial thereof to be pled with particularity cannot be sustained. This rule is applicable only to a general allegation of the performance of conditions precedent as was made in paragraph five of the third-party complaint. Where there are allegations of specific facts, Fla.R.Civ.P. 1.110(c) permits the response by way of a simple denial.
*1340 When the allegations of paragraph four were denied, it was necessary for American States to present facts that would have conclusively demonstrated that the cause of action accrued after November 3, 1975. This was not done. There being a material issue of fact remaining, it was improper to enter summary judgment in favor of American States. Holl v. Talcott, 191 So.2d 40 (Fla.1966).
Accordingly, the partial summary judgment below is reversed and remanded for further proceedings consistent with the views expressed herein.
REVERSED and REMANDED.
GRIMES and SCHEB, JJ., concur.